Citation Nr: 1508855 
Decision Date: 02/27/15 Archive Date: 03/11/15

DOCKET NO. 08-26 058 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to a compensable rating for bilateral hearing loss prior to June 22, 2013, and in excess of 10 percent from that date forward.


REPRESENTATION

Appellant represented by: The American Legion


WITNESSES AT HEARING ON APPEAL

Appellant and his spouse


ATTORNEY FOR THE BOARD

G. Wasik, Counsel


INTRODUCTION

The Veteran served on active duty from May 1957 to March 1961. 

This case comes before the Board of Veterans' Appeals (Board) on appeal from a September 2007 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida. 

In March 2010, the Veteran and his spouse testified at a hearing at the RO before the undersigned Veterans Law Judge. A transcript of the proceeding is of record.

When this case was last before the Board in July 2014, it was remanded for additional evidentiary development. 

The record before the Board consists of electronic records within Virtual VA and the Veterans Benefits Management System.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).


REMAND

Of record is a May 2007 record from a private audiologist which includes the results of audiological testing. It is not apparent to the Board if this private audiological testing complies with regulatory criteria regarding evaluation of hearing loss. VA's Rating Schedule evaluates impairment of auditory acuity (hearing loss) pursuant to the provisions set forth at 38 C.F.R. § 4.85. Under that regulation, an examination for hearing impairment must be conducted by a state-licensed audiologist and must include a controlled speech discrimination test (Maryland CNC) and a pure tone audiometry test. Examinations are to be conducted without the use of hearing aids. 38 C.F.R. § 4.85(a). The May 2007 record reveals the clinician is an audiologist and it is assumed he is licensed with the state. What is not apparent is whether the results of the "Speech Test" recorded on the examination report were obtained using a controlled speech discrimination test using the Maryland CNC protocol. This could potentially affect the outcome of the Veteran's increased rating claim. A remand is required to clarify this point. See Savage v. Shinseki, 24 Vet. App. 259 (2011) (VA has a duty to return for clarification unclear or insufficient examination reports even when they do not originate from VA medical personnel, particularly with regards to private audiological examinations).

Accordingly, this case is REMANDED to the RO or the Appeals Management Center (AMC), in Washington, D.C., for the following actions:

1. Undertake appropriate development to obtain any outstanding records pertinent to the issue on appeal..
 
2. Undertake appropriate development to determine whether the audiologist who performed the May 2, 2007, audiological examination used the Maryland CNC protocol to determine speech discrimination scores. 

3. Undertake any other development that is determined to be warranted.

4. Then, readjudicate the issue on appeal. If the benefit sought on appeal is not granted to the Veteran's satisfaction, the Veteran and his representative should be provided a supplemental statement of the case and the requisite opportunity to respond before the case is returned to the Board for further appellate action.

By this remand, the Board intimates no opinion as to any final outcome warranted.

The Veteran need take no action unless he is otherwise notified, but he may furnish additional evidence and/or argument during the appropriate time frame. See Kutscherousky v. West, 12 Vet. App. 369 (1999).

As noted above this case has been advanced on the Board's docket. It must also must be handled in an expeditious manner by the RO or the AMC. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
Shane A. Durkin
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).